DMB:DSS/HLJ/CSK
F.#2012R00387

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ALEXANDER FISHENKO,
ARC ELECTRONICS, INC.,
APEX SYSTEM, L.L.C.,
SHAVKAT ABDULLAEV,
    also known as "Stan,"
LYUDMILA BAGDIKIAN,
    also known as "Mila,"
ANASTASIA DIATLOVA,
    also known as "Anna,"
VIKTORIA KLEBANOVA,
SERGEY KLINOV,
ALEXANDER POSOBILOV,
    also known as "Sasha,"
YURI SAVIN,
DMITRIY SHEGUROV,
SEVINJ TAGHIYEVA,
    also known as "Seva," and
SVETALINA ZAGON,
    also known as "Alina,"

    Defendants.

- - - - - - - - - - - - - - - - -X

**I N D I C T M E N T**

**CR 12 - 626**

No._____

(T. 18, U.S.C., §§ 371,
951(a), 981(a)(1)(C),
982, 1512(c), 1956(h), 2
and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 22,
U.S.C., §§ 2778(b)(2)
and 2778(c); T. 28,
U.S.C., § 2461(c); T.
50, U.S.C., §§ 1702 and
1705(c); T. 15,
C.F.R., § 764.2; T. 22,
C.F.R., §§ 121 and 127)

JOHNSON, J

GOLD, M.J.

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Indictment, unless

otherwise indicated:

1.    The defendant ARC ELECTRONICS, INC. ("ARC") was a privately held corporation with its principal place of business in Houston, Texas.  ARC was engaged in the export of microelectronics and other high-tech products.

2.    The defendant APEX SYSTEM, L.L.C. ("APEX") was a Russian corporation with its principal place of business in Moscow, Russia.  MIG Engineering Corporation ("MIG Engineering"), Saransk Electronic Corporation ("Saransk") and JSC Arsenal Corporation ("Arsenal") were affiliates of APEX.  APEX, MIG Engineering, Saransk and Arsenal were engaged in the procurement of microelectronics primarily for Russian government agencies, including Russian military and intelligence agencies.

3.    The defendant SERGEY KLINOV was the chief executive officer of APEX, and the defendant DMITRIY SHEGUROV was an employee of APEX.

4.    The defendant ALEXANDER FISHENKO was the co-owner and President of ARC, and the part owner and Marketing Manager of APEX.  FISHENKO, who was not a diplomatic or consular officer or attaché of any foreign government, acted as an unregistered agent of the Russian government by illegally procuring controlled microelectronics for the Russian government, including Russian military and intelligence agencies.

2

5.    The defendant ALEXANDER POSOBILOV, also known as "Sasha," was the Procurement Manager of ARC.

6.    The defendant SHAVKAT ABDULLAEV, also known as "Stan," was the Shipping Manager of ARC.  The defendants LYUDMILA BAGDIKIAN, also known as "Mila," ANASTASIA DIATLOVA, also known as "Anna," VIKTORIA KLEBANOVA, SEVINJ TAGHIYEVA, also known as "Seva," and SVETALINA ZAGON, also known as "Alina," were salespeople at ARC.

7.    The defendant YURI SAVIN was the Director of Marketing at Atrilor, Ltd. ("Atrilor"), a Russian corporation that regularly purchased microelectronics from ARC.

<u>THE INTERNATIONAL EMERGENCY ECONOMIC POWERS ACT</u>

8.    The export of "commerce controlled" items was regulated by the United States Department of Commerce ("DOC"). Under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 <u>et seq</u>., the President of the United States was granted the authority to deal with unusual and extraordinary threats to the national security, foreign policy and economy of the United States.  Under IEEPA, the President could declare a national emergency through Executive Orders that had the full force and effect of law.

9.    On August 17, 2001, under the authority of IEEPA, the President issued Executive Order 13222, which declared a

3

national emergency with respect to the unrestricted access of foreign parties to United States goods and technologies and extended the Export Administration Regulations (the "EAR"), 15 C.F.R. §§ 730-774. Through the EAR, the DOC imposed license or other requirements before an item subject to the EAR could be lawfully exported from the United States or lawfully re-exported from another country. These items were included on the commerce control list, or "CCL," published at 15 C.F.R. § 774, Supp. 1. Items on the CCL were categorized by Export Control Classification Number ("ECCN"), which denoted the applicable export controls. The President issued annual Executive Notices extending the national emergency declared in Executive Order 13222 from the time period covered by that Executive Order through the time covered by this Indictment. See 77 Fed. Reg. 49,699 (Aug. 15, 2012).

10. Pursuant to its authority derived from IEEPA, the DOC reviewed and controlled the export of certain goods and technology from the United States to foreign countries. In particular, the DOC placed restrictions on the export of goods and technology that it determined could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. Under IEEPA and the EAR, it was a crime to

4

willfully export, or attempt or conspire to export, from the United States any item listed on the CCL requiring an export license without first obtaining an export license from the DOC. See 50 U.S.C. § 1705(c); 15 C.F.R. § 764.2.

## THE ARMS EXPORT CONTROL ACT

11.     The export of defense related articles was regulated by the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA").  Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls.  Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government.  Section 2778(c) established criminal penalties for any willful violation of Section 2778 or any rule or regulation thereunder.

12.     The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Parts 120 et seq.  These regulations established the USML and required an export license for the export of any items on the list.  With limited exceptions for the closest military allies of the United States, any shipment of

5

items contained on the USML outside of the United States required the issuance of a separate license by the State Department prior to export or re-export.

### PROCUREMENT OF MICROELECTRONICS FOR RUSSIA

13.   The defendant ALEXANDER FISHENKO, as a principal of ARC and APEX, procured and caused to be procured controlled microelectronics for Russian government agencies, including Russian military and intelligence agencies, without obtaining required licenses and by falsifying the actual end users and intended applications of the commodities.

14.   The defendant ALEXANDER FISHENKO then exported and caused to be exported controlled microelectronics for the Russian government via, among other places, John F. Kennedy International Airport in Queens, New York.

### THE FRAUDULENT SCHEME

15.   On or about and between October 1, 2008 and September 28, 2012, the defendants, together with others, devised and executed a scheme to obtain controlled microelectronics from United States-based manufacturers and distributors and export those commodities to Russian end users, including the Russian military and intelligence services, without obtaining required export licenses.

16.    These microeclectronics included analog-to-digital converters, amplifiers, digital signal processors, micro-controllers, static random access memory chips and field programmable gate arrays.  These advanced microelectronics could not be produced in Russia.  These microelectronics had applications in a wide range of military systems, including radar and surveillance systems, weapons targeting systems and detonation triggers.

17.    End user and end use information was often required by United States-based manufacturers and distributors before they would sell controlled or non-controlled goods to re-sellers or exporters.  To induce manufacturers and suppliers to sell them microelectronics, and to avoid scrutiny by government regulators, the defendants frequently provided false end user information to manufacturers and suppliers.

<u>OBJECTS OF THE CONSPIRACY</u>

18.    As part of the conspiracy, the defendants sought to: a) generate revenue; b) evade the ITAR and the EAR by supplying controlled microelectronics to Russian end users; and c) defraud United States-based manufacturers and distributors by providing false end user and end use information in connection with the purchase and export of both controlled and non-controlled microelectronics.

7

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

19.   As part of the conspiracy, the defendants
ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV,
LYUDMILA BAGDIKIAN, ANASTASIA DIATLOVA, VIKTORIA KLEBANOVA,
ALEXANDER POSOBILOV, SEVINJ TAGHIYEVA and SVETALINA ZAGON,
together with others, purchased microelectronics from United
States-based manufacturers and distributors and arranged for the
export of those goods to various Russian procurement companies.

20.   It was further part of the conspiracy that these
Russian procurement companies, which included the defendant APEX
and its affiliates MIG Engineering, Saransk and Arsenal, as well
as Atrilor, Petersburg Electronic Company ("PEC"), Melcom, Best
Komp Group, Nova Technologies, Systema VP, Neva Electronics,
Forward Electronics, Aviton and MaxiTechGroup, in turn sold the
microelectronics to Russian end users, including Russian military
and intelligence agencies.

21.   It was further part of the conspiracy that the
defendant YURI SAVIN of Atrilor caused ARC and its employees to
export controlled microelectronics from the United States to
Russia knowing that, although licenses were required for such
exports, licenses had not been obtained.

22.   It was further part of the conspiracy that, in
order to evade the ITAR and the EAR and to conceal Russian

government and military end users, the defendants falsified end use and end user information in connection with the purchase and export of microelectronics.

23.   It was further part of the conspiracy that, in order to obtain microelectronics from manufacturers and suppliers, and to avoid scrutiny by government regulators, the defendants provided materially false information regarding ARC's export function, including the submission of false end user information to manufacturers and suppliers.

24.   It was further part of the conspiracy that, in order to evade the ITAR and the EAR, the defendants provided false ECCN codes and licensing information for goods exported on ARC's invoices and on Shipper's Export Declarations ("SEDs") electronically filed with the DOC through the Automated Export System ("AES").

25.   It was further part of the conspiracy that the defendants transmitted, and caused to be transmitted, emails containing false end user information in interstate and foreign commerce.

26.   It was further part of the conspiracy that, in or about August 2011 and September 2011, in anticipation of an inquiry by the Department of Commerce, the defendants ALEXANDER FISHENKO, ALEXANDER POSOBILOV and VIKTORIA KLEBANOVA directed the

defendants SERGEY KLINOV and DMITRIY SHEGUROV, among other APEX employees, to forge documents and delete information from APEX's website that revealed APEX's relationship with the Russian military, including images of missiles and military aircraft and a certificate stating that APEX affiliate Arsenal was a certified supplier of electronics for the Russian Ministry of Defense.

<u>COUNT ONE</u>
(Acting as an Unregistered Agent of a Foreign Government)

27.    The allegations contained in paragraphs one through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

28.    On or about and between October 1, 2008 and September 28, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ALEXANDER FISHENKO did knowingly and intentionally act in the United States as an agent of a foreign government, to wit: the government of Russia, without prior notification to the Attorney General of the United States.

(Title 18, United States Code, Sections 951(a) and 3551 <u>et</u> <u>seq</u>.)

10

COUNT TWO
(Conspiracy to Violate the IEEPA and the AECA,
and to Commit Wire Fraud)

29.    The allegations contained in paragraphs one through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

30.    On or about and between October 1, 2008 and September 28, 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., APEX SYSTEM L.L.C., SHAVKAT ABDULLAEV, also known as "Stan," LYUDMILA BAGDIKIAN, also known as "Mila," ANASTASIA DIATLOVA, also known as "Anna," VIKTORIA KLEBANOVA, SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha," YURI SAVIN, DMITRIY SHEGUROV, SEVINJ TAGHIYEVA, also known as "Seva," and SVETALINA ZAGON, also known as "Alina," together with others, did knowingly and intentionally conspire to:  a) willfully export from the United States to Russia items under the jurisdiction of the DOC, to wit: microelectronics, without first having obtained the required licenses from the DOC, contrary to Title 50, United States Code, Sections 1702 and 1705, and Title 15, Code of Federal Regulations, Section 774, Supp. 1.; b) willfully export from the United States to Russia items designated as defense articles on the USML, to wit: microelectronics, without first obtaining the

required licenses or written approval from the State Department, contrary to Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121 and 127; and c) devise a scheme and artifice to defraud, and obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals and sounds, to wit: email communications containing false information regarding ARC's export function and false end user and end use information, contrary to Title 18, United States Code, Section 1343.

31.   In furtherance of the conspiracy and to effect its objects, the defendants, together with others, committed and caused to be committed, within the Eastern District of New York and elsewhere, the following overt acts:

<u>OVERT ACTS</u>

a.   On or about September 25, 2009, the defendant ALEXANDER FISHENKO obtained a false end user document from Russian procurement company PEC, which a PEC employee informed FISHENKO was a "pure forgery."

b.   On or about March 24, 2010, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of

12

controlled analog-to-digital converters from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

   c. On or about April 16, 2010, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of controlled amplifiers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

   d. On or about May 14, 2010, the defendant SVETALINA ZAGON informed Russian procurement company PEC that a particular component PEC had ordered was export-controlled, but that ZAGON would try to obtain the part from another source.

   e. On or about June 22, 2010, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and VIKTORIA KLEBANOVA caused the export of controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee.

   f. On or about July 29, 2010, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of controlled analog-to-digital converters from the United States to Russia via Louisville, Kentucky without the required license.

   g. On or about September 20, 2010, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of controlled digital signal processors from the

13

United States to Russia via Louisville, Kentucky without the required license.

        h.   On or about October 15, 2010, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of controlled digital signal processors from the United States to Russia via Louisville, Kentucky without the required license.

        i.   On or about November 10, 2010, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SVETALINA ZAGON caused the export of controlled microcontrollers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

        j.   On or about December 3, 2010, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SVETALINA ZAGON caused the export of controlled microcontrollers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

        k.   On or about December 10, 2010, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SVETALINA ZAGON caused the export of controlled microcontrollers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

        l.   On or about February 12, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and VIKTORIA KLEBANOVA

14

caused the export of controlled microcontrollers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

m.    On or about March 18, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., APEX SYSTEM, L.L.C. and SERGEY KLINOV and caused the export of controlled analog-to-digital converters from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

n.    On or about April 4, 2011, the defendant ALEXANDER POSOBILOV instructed Russian procurement company PEC to falsify end user information pertaining to an export of maritime-related components.  Specifically, POSOBILOV instructed PEC to "make sure that those are fishing boats, and not fishing/anti-submarine ones . . . Then we'll be able to start working."

o.    On or about April 13, 2011, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS, INC. caused the export of controlled analog-to-digital converters from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

p.    On or about June 30, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV and SVETALINA ZAGON caused the export of controlled microcontrollers

from the United States to Russia via John F. Kennedy
International Airport in Queens, New York without the required
license.

      q.  On or about July 7, 2011, the defendant
SHAVKAT ABDULLAEV sent a Shipper's Letter of Instruction, which
he had signed, to a freight forwarder, falsely stating that the
goods contained within the shipment were not export controlled.

      r.  On or about July 13, 2011, the defendants
ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV and
ALEXANDER POSOBILOV caused the export of controlled analog-to-
digital converters from the United States to Russia via John F.
Kennedy International Airport in Queens, New York without the
required license.

      s.  On or about July 27, 2011, the defendants
ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV and
ALEXANDER POSOBILOV caused the export of controlled analog-to-
digital converters from the United States to Russia, via John F.
Kennedy International Airport in Queens, New York without the
required license.

      t.  On or about August 11, 2011, the defendants
SERGEY KLINOV and DMITRIY SHEGUROV provided false end user
documents to the defendant ALEXANDER FISHENKO for a manufacturer.

u.   On or about August 12, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SEVINJ TAGHIYEVA caused the export of controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee without the required license.

v.   On or about August 16, 2011, the defendant LYUDMILA BAGDIKIAN informed an employee of Russian procurement company Forward Electronics that a particular component that Forward Electronics had ordered was export-controlled, but that BAGDIKIAN had ordered it from another vendor who "looks the other way."  BAGDIKIAN further stated that, although certain manufacturers' products were export-controlled, "ARC finds another way."

w.   On or about August 26, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SEVINJ TAGHIYEVA caused the export of controlled analog-to-digital converters from the United States to Russia via Memphis, Tennessee without the required license.

x.   On or about September 8, 2011, the defendant ALEXANDER POSOBILOV instructed the defendant YURI SAVIN not to reveal that goods he had purchased from ARC were intended for Russian military use.  SAVIN asked POSOBILOV: "What can we do if

a client is military all over?" POSOBILOV replied, "We can't be the ones making things up. You should be the ones."

y. On or about September 13, 2011, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., SHAVKAT ABDULLAEV and SEVINJ TAGHIYEVA caused the export of controlled amplifiers from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

z. On or about September 30, 2011, the defendant VIKTORIA KLEBANOVA directed employees of the defendant APEX SYSTEM, L.L.C., MIG Electronics and Arsenal to remove all references to the Russian military from their email communications with ARC.

aa. On or about January 26, 2012, the defendant YURI SAVIN sent a false end user document that he had created to the defendant ANASTASIA DIATLOVA. SAVIN advised DIATLOVA that he had forged the end user document using graphics obtained from the internet but that "everything in there is tip-top authentic . . . ☺"

bb. On or about January 27, 2012, the defendant ALEXANDER FISHENKO directed a Russian procurement company that, when the company provided false end user information, to "make it up pretty, correctly, and make sure it looks good."

cc.   On or about February 23, 2012, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC., ALEXANDER POSOBILOV and YURI SAVIN caused the export of controlled static random access memory chips from the United States to Russia via John F. Kennedy International Airport in Queens, New York without the required license.

dd.   On or about March 23, 2012, the defendant ANASTASIA DIATLOVA sent a completed export compliance document to a vendor which falsely stated that ARC manufactured traffic lights, when in fact ARC did not manufacture products but rather acted solely as a re-seller.

ee.   On or about May 2, 2012, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and ANASTASIA DIATLOVA and caused the export of controlled static random access memory chips from the United States to Russia via Cincinnati, Ohio without the required license.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNTS THREE THROUGH TWENTY-TWO
(IEEPA Violations)

32.   The allegations contained in paragraphs one through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

33.   On or about the dates listed below and within the districts specified below, the defendants named below, together with others, did knowingly, intentionally and willfully export from the United States to Russia items under the jurisdiction of the DOC, to wit: microelectronics, without first having obtained the required licenses from the DOC.

| Count | Date | Defendants | Part Number/ Type of Commodity | Location |
|---|---|---|---|---|
| 3 | 3/24/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | ADS62P49IRGCT (analog-to-digital converter) | Eastern District of New York |
| 4 | 4/16/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | AMMC-6430-W10 (amplifier) | Eastern District of New York |
| 5 | 6/22/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, VIKTORIA KLEBANOVA | ADS5463IPFP (analog-to-digital converter) | Western District of Tennessee |
| 6 | 7/29/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | ADS62P49IRGCT (analog-to-digital converter) | Western District of Kentucky |
| 7 | 9/20/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | SM320F2812HFGS 150 (digital signal processor) | Western District of Kentucky |
| 8 | 10/15/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | SM320F2812HFGS 150 (digital signal processor) | Western District of Kentucky |

| Count | Date | Defendants | Part Number/ Type of Commodity | Location |
|-------|------|-----------|-------------------------------|----------|
| 9 | 11/10/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, SVETALINA ZAGON | MSP430F249MP MEP (micro-controller) | Eastern District of New York |
| 10 | 12/3/10 | ALEXANDER FISHENKO, ARC ELECTRONICS, SVETALINA ZAGON | MSP430F249MP MEP (micro-controller) | Eastern District of New York |
| 11 | 12/10/10 | ALEXANDER FISHENKO, ARC ELECTRONICS | SM320F28335PTP MEP (micro-controller) | Eastern District of New York |
| 12 | 2/12/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, VIKTORIA KLEBANOVA | MSP430F249MP MEP (micro-controller) | Eastern District of New York |
| 13 | 3/18/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, APEX SYSTEM, L.L.C., SERGEY KLINOV | AD9230BCPZ-250 (analog-to-digital converter) | Eastern District of New York |
| 14 | 4/13/11 | ALEXANDER FISHENKO, ARC ELECTRONICS | EV10AQ190CTPY (analog-to-digital converter) | Eastern District of New York |
| 15 | 6/30/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SHAVKAT ABDULLAEV, SVETALINA ZAGON | MSP430F249MP MEP (micro-controller) | Eastern District of New York |

| Count | Date | Defendants | Part Number/ Type of Commodity | Location |
|---|---|---|---|---|
| 16 | 7/13/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SHAVKAT ABDULLAEV, ALEXANDER POSOBILOV | AD7710SQ (analog-to-digital converter) | Eastern District of New York |
| 17 | 7/27/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SHAVKAT ABDULLAEV, ALEXANDER POSOBILOV | AD7710SQ (analog-to-digital converter) | Eastern District of New York |
| 18 | 8/12/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SEVINJ TAGHIYEVA | LTC2209IUP#PBF (analog-to-digital converter) | Western District of Tennessee |
| 19 | 8/26/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SEVINJ TAGHIYEVA | LTC2209IUP#PBF (analog-to-digital converter) | Western District of Tennessee |
| 20 | 9/13/11 | ALEXANDER FISHENKO, ARC ELECTRONICS, SHAVKAT ABDULLAEV, SEVINJ TAGHIYEVA | AMMC-6241-W10 (amplifier) | Eastern District of New York |
| 21 | 2/23/12 | ALEXANDER FISHENKO, ARC ELECTRONICS, ALEXANDER POSOBILOV, YURI SAVIN | AS8SLC512K32Q-10L/883C (static random access memory chip) | Eastern District of New York |

| Count | Date | Defendants | Part Number/ Type of Commodity | Location |
|-------|------|------------|-------------------------------|----------|
| 22 | 5/2/12 | ALEXANDER FISHENKO, ARC ELECTRONICS, ANASTASIA DIATLOVA | AS8SLC512K32Q-10L/883C (static random access memory chip) | Southern District of Ohio |

(Title 50, United States Code, Sections 1702 and 1705(c); Title 15, Code of Federal Regulations, Section 764.2; Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWENTY-THREE
### (AECA Violation)

34.    The allegations contained in paragraphs one through twenty-six are realleged and incorporated as if fully set forth in this paragraph.

35.    On or about January 24, 2011, within the Eastern District of New York and elsewhere, the defendants ALEXANDER FISHENKO, ARC ELECTRONICS, INC. and SVETALINA ZAGON, also known as "Alina," together with others, did knowingly, intentionally and willfully export from the United States to Russia power amplifiers designated as defense articles on the USML, to wit: five TriQuint parts TGA2517, without first obtaining the required license or written approval from the State Department.

(Title 22, United States Code, Sections 2778(b)(2) and 2778(c); Title 22, Code of Federal Regulations, Sections 121 and 127; Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Money Laundering Conspiracy)

36.     The allegations contained in paragraphs one
through twenty-six are realleged and incorporated by reference as
if fully set forth in this paragraph.

37.     On or about and between October 1, 2008 and
September 28, 2012, within the Eastern District of New York and
elsewhere, the defendants ALEXANDER FISHENKO and ARC ELECTRONICS,
INC., together with others, did knowingly and intentionally
conspire to transmit and transfer monetary instruments and funds
from a place outside the United States, to wit: Russia, to a
place in the United States, to wit: Houston, Texas, with the
intent to promote the carrying on of specified unlawful activity,
to wit, the crimes charged in Counts Two through Twenty-Three, in
violation of Title 18, United States Code, Section 1956(a)(2)(A).

(Title 18, United States Code, Sections 1956(h) and
3551 et seq.)

## COUNT TWENTY-FIVE
(Obstruction of Justice)

38.     The allegations contained in paragraphs one
through twenty-six are realleged and incorporated by reference as
if fully set forth in this paragraph.

39.     In or about and between August 2011 and September
2011, both dates being approximate and inclusive, within the

Southern District of Texas, the defendants ALEXANDER FISHENKO, VIKTORIA KLEBANOVA, SERGEY KLINOV, ALEXANDER POSOBILOV, also known as "Sasha," and DMITRIY SHEGUROV, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal one or more records, documents and other objects, and attempt to do so, with the intent to impair the objects' integrity and availability for use in an official proceeding, to wit: a proceeding before the United States Department of Commerce, and otherwise obstruct, influence and impede such official proceeding, and attempt to do so.

(Title 18, United States Code, Sections 1512(c), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATIONS
### FOR COUNTS TWO THROUGH TWENTY-THREE

40.   The United States hereby gives notice to the defendants charged in Counts One through Twenty-Two that, upon conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of any such offense, or conspiracy to commit such offense, to forfeit any and all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of such offenses, including but not limited to the following:

### Money Judgment

a.  A sum of money in United States currency, in an amount to be determined at trial, for which the defendants are jointly and severally liable.

### Specific Property

b.  Any and all funds on deposit or transferred to or through Wells Fargo Account No. 2475956740, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

c.  Any and all funds on deposit or transferred to or through Wells Fargo Account No. 1102461793, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

d.  Any and all funds on deposit or transferred to or through Frost National Bank Account No. 140028983, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

e.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530622900, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

f.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530620355, held in

the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

g.   The Real Property and Premises, including any and all improvements thereon, known as 22631 FM 149, Montgomery County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO; and

h.   The Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO.

41.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

27

United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

<u>CRIMINAL FORFEITURE ALLEGATIONS</u>
<u>FOR COUNT TWENTY-FOUR</u>

42.   The United States hereby gives notice to the defendants charged in Count Twenty-Four that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of any and all property, real or personal, involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property as a result of the defendants' conviction of Count Twenty-Four of this indictment, including but not limited to, the following:

<u>Money Judgment</u>

a.   A sum of money in United States currency, in an amount to be determined at trial, for which the defendants are jointly and severally liable;

28

<u>Specific Property</u>

b.  Any and all funds on deposit or transferred to or through Wells Fargo Account No. 2475956740, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

c.  Any and all funds on deposit or transferred to or through Wells Fargo Account No. 1102461793, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

d.  Any and all funds on deposit or transferred to or through Frost National Bank Account No. 140028983, held in the name of defendant ARC ELECTRONICS, INC., and all proceeds traceable thereto;

e.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530622900, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

f.  Any and all funds on deposit or transferred to or through Compass Savings Bank Account No. 2530620355, held in the name of defendant ALEXANDER FISHENKO, and all proceeds traceable thereto;

g.  The Real Property and Premises, including any and all improvements thereon, known as 22631 FM 149, Montgomery

County, Texas, title to which is held, in part, in the name of the defendant ALEXANDER FISHENKO; and

    h. The Real Property and Premises, including any and all improvements thereon, known as 12956 Trail Hollow Drive, Harris County, Texas, title to which is held in, in part, the name of the defendant ALEXANDER FISHENKO.

    43. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982, to seek forfeiture of any other

30

property of such defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982)


A TRUE BILL


_Mawa Duhaney_
FOREPERSON


LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. Ø.136


31

F# 2012R00387

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK
### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ALEXANDER FISHENKO, ARC ELECTRONICS, INC., APEX SYSTEM, L.L.C.,*
*SHAVKAT ABDULLAEV, also known as "Stan," LYUDMILA BAGDIKIAN, also known as "Mila,"*
*ANASTASIA DIATLOVA, also known as "Anna," VICTORIA KLEBANOVA, SERGEY KLINOV,*
*ALEXANDER POSOBILOV, also known as "Sasha," YURI SAVIN, DMITRIY SHEGUROV,*
*SEVINJ TAGHIYEVA, also known as "Seva," and SVETALINA ZAGON, also known as "Alina,"*

Defendants.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 951(a), 981(a)(1)(C), 982, 1512(c), 1956(h), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 22, U.S.C., §§ 2778(b)(2) and 2778(c); T. 28, U.S.C., 2461(c);
T. 50, U.S.C., §§ 1702 and 1705(c); T. 15, C.F.R., § 764.2; T. 22, C.F.R., §§ 121 and 127)

*A true bill.*

_____Maria Duhaney_____

*Foreman*

*Filed in open court this* _ _ _ _ _ _ _ *day, of* _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _
*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

***Daniel S. Silver and Hilary Ley Jager***
***Assistant U.S. Attorneys (718-254-6034/6248)***